

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X

JOINT STOCK COMPANY         :
BELARUSSIAN SHIPPING CO.,

                                :

        Plaintiff,

                                :

   - against -

                                :

FREMERY SHIPPING LIMITED,
a.k.a. FREMERY SHIPPING LTD.,     :

        Defendant.         :
-----------------------------------------------------X

**VERIFIED COMPLAINT**

Plaintiff, JOINT STOCK COMPANY BELARUSSIAN SHIPPING CO. (hereinafter referred to as "Plaintiff" or "BSC"), by and through its attorneys, Tisdale Law Offices LLC, as and for its Verified Complaint against the Defendant, FREMERY SHIPPING LIMITED. a.k.a. FREMERY SHIPPING LTD. (hereinafter referred to as "Defendant" or "FREMERY"), alleges, upon information and belief, as follows:

1.      This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

2.      At all times material to this action, Plaintiff was, and still is, a foreign company duly organized and operating under the laws of the Republic of Belarus.

3.      Upon information and belief, Defendant was, and still is, a foreign corporation or other business entity organized under and existing by virtue of foreign law with the following address: Fremery Shipping Limited, BVI, C/O Fremery Shipping Limited, Hong Kong, Room 809, North Tower, Concordia Plaza, 1, Science Museum Road, T.S.T., Kowloon, HK.

4.      By a fixture recap dated December 10, 2007, Plaintiff chartered the MV EVANGELOS the defendant for a voyage transporting iron ore fines from Libya to China.

5.      By mutual agreement, the MV PAROS (hereinafter the "Vessel") was substituted for the MV EVANGELOS.

6.      Certain disputes arose between the parties after the Defendant failed to provide a cargo in breach of the charter party and repudiated the charter party contract.

7.      As a result of Defendant's breaches the charter party, Plaintiff has suffered damages in the principal amount of $599,158.53

8.      Pursuant to the charter party, any disputes arising thereunder shall be referred to London Arbitration with English law to apply.

9.      Plaintiff will soon commence arbitration and appoint its arbitrator.

10.     Despite due demand, Defendant has failed to pay the sums due and owing as a result of its breaches of the charter party.

11.     Interest, costs and attorneys' fees are routinely awarded to the prevailing party in London Arbitration proceedings.  As best as can now be estimated, Plaintiff expects to recover the following amounts:

| | | |
|---|---|---|
| A. | Principal claim: | $599,158.53 |
| | Detention/demurrage at Libya | $479,860.03 |
| | Expenses, loss of profit, mitigation fixture | $119,298.50 |
| B. | Estimated interest on claims: 3 years at 6.5% | $127,993.41 |
| C. | Estimated attorneys' fees: | $100,000.00 |
| **Total** | | **$827,151.94** |

12.     The Defendant cannot be found within this District within the meaning of

2

Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal

Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during

the pendency of this action, assets within this District and subject to the jurisdiction of this Court,

held in the hands of garnishees within the District which are believed to be due and owing to the

Defendant.

13.    The Plaintiff seeks an order from this court directing the Clerk of Court to

issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental

Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States

Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any property of the Defendant held by

any garnishees within the District for the purpose of obtaining personal jurisdiction over the

Defendant, to compel arbitration and to secure the Plaintiff's claim as described above.

**WHEREFORE**, Plaintiff prays:

A.    That process in due form of law issue against the Defendant, citing it to appear

and answer under oath all and singular the matters alleged in the Complaint, failing which

default judgment be entered against it in the sum of **$827,151.94.**

B.    That since the Defendant cannot be found within this District pursuant to

Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue

an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment

pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, also

pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all goods, chattels,

credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any

other funds up to the amount of **$827,151.94** belonging to, due or being transferred to, from, or

for the benefit of the Defendant, including but not limited to such property as may be held,

received or transferred in Defendant's name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking/financial institutions and/or other institutions or such other garnishee(s) to be named, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C.    That pursuant to 9 U.S.C. §§201 et seq. this Court recognize and confirm any London arbitration award in Plaintiff's favor against the Defendant as a judgment of this Court;

D.    That this Court award Plaintiff the attorneys' fees and costs incurred in this action; and

E.    That the Plaintiff have such other, further and different relief as the Court may deem just and proper.

Dated: February 12, 2008
New York, NY

                                    The Plaintiff,
                                    JOINT STOCK COMPANY
                                    BELARUSSIAN SHIPPING COMPANY,


By:    _____
                                    Lauren C. Davies (LD 1980)
                                    Thomas L. Tisdale (TT 5263)
                                    TISDALE LAW OFFICES LLC
                                    11 West 42nd Street, Suite 900
                                    New York, NY 10036
                                    (212) 354-0025 – phone
                                    (212) 869-0067 – fax
                                    ldavies@tisdale-law.com
                                    ttisdale@tisdale-law.com

4

## ATTORNEY'S VERIFICATION

State of Connecticut    )
                        )        ss.:    City of Southport
County of Fairfield     )

1.      My name is Lauren C. Davies.

2.      I am over 18 years of age, of sound mind, capable of making this

Verification, and fully competent to testify to all matters stated herein.

3.      I am an Attorney in the firm of Tisdale Law Offices, LLC, attorneys for the

Plaintiff.

4.      I have read the foregoing Verified Complaint and know the contents

thereof and believe the same to be true and accurate to the best of my knowledge, information

and belief.

5.      The reason why this Verification is being made by the deponent and not

by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now

within this District.

6.      The source of my knowledge and the grounds for my belief are the

statements made, and the documents and information received from, the Plaintiff and agents

and/or representatives of the Plaintiff.

7.      I am authorized to make this Verification on behalf of the Plaintiff.

Dated:      February 12, 2008
            Southport, CT

                                    _____
                                    Lauren C. Davies